A .B. NORWOOD ET AL *v.* W. H. ROBINSON.

**Husband and Wife—Vountary Conveyance—Void as to Subsisting Debts.**
    A subsisting debt, founded on a valuable consideration, is held to be
    sufficient to authorize the cancellation of a deed from a husband to wife,
    made after the creation of the debt.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

September 29, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

It appears in the supplemental record that the judgment of the
22nd of September, 1865, and from which this appeal is prose-
cuted, as the memorandum on the original record of counsel shows,
was after its rendition set aside, and all proceedings under it. A
summons was then sued out against the infant and executed on her
defendant, and a guardian *ad litem* then regularly appointed, who
filed an answer and the final decree pronounced the 27th of Octo-
ber, 1866, from which there seem in fact to be no appeal.

But it is deemed best to finally dispose of this case now as it
may be, or must have been the intention of counsel to have this
last decree reviewed.

The alleged error that final judgment was rendered against the
infant defendant before service of process, as already noticed, was
a misconception of the proceedings.

The commissioner's report of the indebtedness of A. B. Nor-
wood to appellee is fully sustained by the proof, and presents the
correct state of the accounts between the parties.

The deed of A. B. Norwood to his wife, and daughter, was sub-
sequent in date to the creation of the debt of $450, it was a sub-
sisting debt, founded on a valuable consideration at, and before
the making of said deed, and as it was merely voluntary, it was
void under the statute as to prior creditors, hence the court below
properly subjected the house and lot to the payment to that as
well as the debts for which the mortgage was executed. Perceiv-
ing, therefore, no error in the judgment, the same is affirmed.

*Brown,* for appellant.

*Harrison & Bennett,* for appellee.